Scot L. Claus (#014999)
sclaus@dickinsonwright.com
Mitesh V. Patel (#031599)
mpatel@dickinsonwright.com
DICKINSON WRIGHT PLLC
1850 N. Central Ave., Suite 1400
Phoenix, Arizona 85004-4568
Telephone: (602) 285-5000
Facsimile: (602) 285-5100
[Firm Email: courtdocs@dickinsonwright.com]
*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Gilbert Plaza Inc.,<br><br>Defendant. | No.  2:16-CV-02426-DGC<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**(Oral Argument Requested)** |

Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Defendant Gilbert Plaza Inc. respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice for the following reasons:

1.     Plaintiff lacks standing to assert the claims in the Complaint; and

2.     In any event, the alleged claims have been rendered moot by the Defendant.

This Motion is supported by the attached Memorandum of Points and Authorities, which is incorporated herein by this reference.

/ / /

/ / /

/ / /

- 1 -

PHOENIX 53565-39 319392v1

RESPECTFULLY SUBMITTED this 19th day of August, 2016.

                DICKINSON WRIGHT PLLC

By:  *s/ Scot L. Claus*
     Scot L. Claus
     Mitesh V. Patel
     1850 N. Central Ave., Suite 1400
     Phoenix, Arizona 85004-4568
     Attorneys for Defendant

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**    **INTRODUCTION AND PROCEDURAL SUMMARY**.

      Plaintiff has filed identical complaints against a variety of defendants alleging violations of Title III of the Americans with Disabilities Act ("ADA"). However, the Complaint is not brought by an individual. The Complaint does not identify any individual person who has been allegedly deprived of equal access to the premises that are the subject of the Complaint. Nor does the Complaint identify a single disabled person with whom the corporate Plaintiff has any relationship whatsoever.

      As will be discussed in greater detail below, these deficiencies and/or omissions are fatal to Plaintiff's Complaint, thus necessitating its dismissal with prejudice.

**II.**    **ARGUMENT**.

    **A.**    **Plaintiff Lacks Standing.**

      The issue of standing is a threshold inquiry not to be taken lightly. Indeed, the United States Supreme Court has recognized that "[t]he Federal Courts are under an independent obligation to examine their own jurisdiction, and standing is perhaps the most important of [the jurisdictional] doctrines." <u>FW/PBS v. Dallas</u>, 493 U.S. 215, 231 (1990) (quoting <u>Allen v. Wright</u>, 468 U.S. 737, 750 (1984)), overruled in part on other grounds, <u>City of Littlejohn v. Z.J. Gifts D-4, LLC</u>, 541 U.S. 774 (2004). Moreover, "it is the burden of the 'party who seeks the exercise of jurisdiction in his favor . . . clearly to allege fact demonstrating that he is

a proper party to invoke judicial resolution of the dispute.'" Id. (citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Warth v. Seldin, 422 U.S. 490, 518 (1975)).

Consistent with these foundational principles, the federal courts have consistently recognized that "[s]tanding is an essential component of the 'case or controversy' requirement of Article III, § II of the United States Constitution." Carroll v. Nakatani, 342 F.3d 934, 940 (9th Cir. 2003). In turn, the requirements for demonstrating standing to sue are well-established. As an "irreducible minimum," Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982), parties who seek to establish standing must show: (1) an actual or imminent "concrete and particularized . . . injury and fact"; (2) a causal connection between the defendant's purported conduct and the alleged injury; and (3) a likelihood that the injury will be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). Critically, the purported injury must be "actual or imminent, not 'conjectural' or 'hypothetical.'" Id. (citing Warth v. Seldin, 422 U.S. 490, 508, (1975); Sierra Club v. Morton, 405 U.S. 727, 740–741).

### 1. **Plaintiff Has Not Alleged any Concrete and Particularized Injury**.

Here, Plaintiff cannot establish the "irreducible" elements to confer standing upon it. Id. Plaintiff has not alleged the existence of any "concrete and particularized" injury to any actual individual. Id. To be sure, Plaintiff has not alleged: (A) that any particular disabled person has visited the premises that are the subject of the Complaint; (B) that any particular disabled individual has been denied equal access to such premises; or (C) that any particular disabled individual has been deterred from the subject premises. Instead, Plaintiff merely alleges that it is a "nonprofit charitable foundation" that engages in "charitable acts of giving

- 3 -

PHOENIX 53565-39 319392v1

to the disabled community," (Complaint at ¶¶ 47, 50) and that it has "conducted an investigation" of the premises that are the subject of the Complaint. (Complaint at ¶69).[1]

However, the ADA was not enacted to permit--and does not permit--Plaintiffs to seek relief for amorphously pled harm by non-identified persons.  Rather, by its express language, the ADA confers equal access to "individual[s]."  See 42 USC §12182(a).  This plain meaning has been recognized by the Ninth Circuit in Chapman v. Pier One Imports, Inc., 631 F.3d 939, 949 (9th Cir. 2011).  There, the Ninth Circuit observed that "Article III . . . requires a sufficient showing of likely injury in the future related to the plaintiff's disability to ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than the rights of third parties."  (Emphasis added).

In its Complaint, Plaintiff does not allege that a "particular plaintiff" had any rights guaranteed under the ADA impugned. Id.  Rather, Plaintiff merely alleges that it is "known to have a relationship or association with individuals with disabilities."  (Complaint at ¶69). Such an allegation is not sufficient to confer standing.  Id.  Stated simply, Plaintiff's Complaint does not establish that the "injunctive relief" sought will "vindicate the rights" of a "particular plaintiff."  Id.; see also Payne v. Chapel Hill N. Properties, LLC, 947 F. Supp. 2d 567, 578 (M.D. N.C. 2013) (disability rights organization lacked standing to seek injunction under Title III, where it failed to identify any member personally affected by the barrier); Small v. Gen. Nutrition Companies, Inc., 388 F. Supp. 2d 83, 90-99 (E.D.N.Y. 2005) (same).

In other words, Plaintiff has not pled sufficient facts to confer standing on it to sue. Id. For this reason alone, the Complaint should be dismissed with prejudice.

---

[1] This assertion is dubious at best given that Plaintiff has alleged that the retail shopping center that is the subject of the Complaint is a "hotel" and "offers public lodging services." Complaint at ¶¶ 74, 48).

- 4 -

2. **Permitting Plaintiff to Proceed Would Invite Impermissible Discovery**.

To allow the amorphous allegations in the Complaint to confer standing upon the Plaintiff would also permit the Plaintiff to evade the limitations on discovery recognized by the Ninth Circuit in Doran v. 7-Eleven, Inc., 524 F.3d 1034 (9th Cir. 2008). In Doran, the Ninth Circuit Court of Appeals determined that an ADA plaintiff may only conduct discovery with respect to the "other barriers affecting his or her disability" that "existed at the time he or she brought the claim." Id. at 1044.

Here, Plaintiff's Complaint is ostensibly asserted on behalf of every person with every conceivable manner of disability. To permit Plaintiff to assert standing based upon, presumably, all potential disabled human beings would effectively evade the limitations imposed by Doran. The Court should not countenance this result.

B. **In any Event, Plaintiff's Claims Are Moot.**

Mootness is a jurisdictional defect that can be raised at any time by the parties or the Court *sua sponte*. Barilla v. Irvine, 886 F.2d 1514, 1519 (9th Cir. 1989). In a case brought under Title III to the ADA, a claim is moot if the alleged architectural barriers or defects have been "remediated," because those barriers or defects are "no longer in dispute and therefore moot." See, e.g., Parr v. L&L Drive Inn Restaurant, 96 F.Supp.2d 1065, 1087 (D. Hawaii 2000).

Here, the Complaint only alleges defects with respect to a purported failure to "identify van parking spaces by the designation 'van accessible'" pursuant to the 2010 Standards for Accessible Design. (Complaint at ¶ 69.1) . However, as the Declaration of Chris B. Doran, attached hereto as Exhibit 1, establishes, both the signage requirements and

the parking space requirements of the 2010 Standards for Accessible Design now exist at the premises that are the subject of the Complaint. (See Exhibit 1 at ¶¶4-5).[2]

In other words, any barrier alleged to exist in the Complaint has been "remediated" and is in "no longer in dispute." See Parr, 96 F.Supp.2d at 1087. Therefore, Plaintiff's Complaint is moot, and has therefore lost its character as a "present, live controversy." Id. For this reason as well, Plaintiff's Complaint should be dismissed with prejudice.

## III.  CONCLUSION.

Plaintiff has filed a Complaint on behalf of an organization that has not suffered--and cannot suffer--a cognizable injury under Title III of the ADA. Accordingly, Plaintiff lacks standing to pursue the claims in the Complaint. In any event, any purported architectural barriers have been remediated. Thus, Plaintiff's Complaint is moot. For these reasons, and for the reasons stated more fully above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice.

RESPECTFULLY SUBMITTED this 19th day of August, 2016.

DICKINSON WRIGHT PLLC

By: *s/ Scot L. Claus*
    Scot L. Claus
    Mitesh V. Patel
    1850 N. Central Ave., Suite 1400
    Phoenix, Arizona  85004-4568
    Attorneys for Defendant

---

[2] This Court may consider a "factual attack on jurisdiction," and in doing so, may "review evidence beyond the Complaint without converting the Motion to Dismiss into a motion for summary judgment." See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). Moreover, in conducting its analysis, the Court need not "presume the truthfulness of Plaintiff's allegations." See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1038 (citing White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000)).

- 6 -

# CERTIFICATE OF SERVICE

I hereby certify that, on August 19, 2016, a true and correct copy of the foregoing was served upon Plaintiff via first class postage prepaid U.S. mail addressed to:

Peter Strojnik
Strojnik, P.C.
1 East Washington Street, Suite 500
Phoenix, Arizona 85004

Fabian Zazueta
40 North Central Avenue, Suite 1400
Phoenix, AZ  85004

By:   */s/ Sheila M. Rath*

# Exhibit 1

Gilbert Plaza Inc. DBA Gilbert Plaza II
525 S. Gilbert Road
529 S. Gilbert Road
Mesa, AZ 85204

Declaration of Chris B. Doran

1. I am an architect licensed in the State of Arizona.
2. I have been a licensed architect since 1977.
3. I have actual knowledge of the premises that are the subject of this lawsuit, and I have personally inspected such premises for the purposes of completing this Declaration.
4. I am also familiar with the 2010 Standards for Accessible Design (the "2010 Standards").
5. Based upon my inspection of the subject premises, and based upon my knowledge, skill, and education, the subject premises:
    a. Contain the requisite number of accessible parking spaces under the 2010 Standards;
    b. Contain the requisite number of van accessible parking spaces under the 2010 Standards; and
    c. Has the proper "accessible" and "van accessible" signage under the 2010 Standards.

Signed under penalty of perjury this 18 day of August, 2016

_____

[Seal: REGISTERED ARCHITECT CERTIFICATE NO. 11002 CHRIS B. DORAN Date Signed 8-18-16 ARIZONA, U.S.A.]

EXP. 9-30-17

Chris B. Doran